Day, C. J.
The prosecution was founded on section 13 of the act of March 8,1831, “ for the punishment of certain offenses therein named.” S. & C. 429. The section enacts, “ That if any person shall take upon himself to exercise or officiate in any office or place of authority, in this state, without being legally ’authorized,” the person so offending shall, upon conviction thereof, be fined or imprisoned as therein stated.
The material question in the case is, whether the mere fact of officiating in an office, without legal authority, is .under all circumstances a crime under this section. The *27 Probate Court proceeded upon the theory that it is. We think otherwise. For, to constitute the offense, a person must do something more than merely discharge the duties of an office without legal authority. He must “ take upon himself” official functions in such sense as implies an assumption of the office without color of right. Therefore, to “take upon himself” the exercise of an office without being legally authorized, within the meaning of the section, is such an assumption of official authority as imports a willful usurpation of an office. This is what was intended to be punished, and nothing short of it comes within the strict sense of the statute. Otherwise, an officer defacto, acting in good faith, under color of right, not designing to “ take upon himself ” an office without legal right, might unconsciously commit a crime in doing what the law would recognize as a valid act.
Nor does it follow that an officer who may be ousted from an office by proceedings in quo warranto is guilty of the criminal offense of usurping the office. It was held in Ohio v. Alling, 12 Ohio, 16, that two common pleas judges, who continued to officiate after their office was terminated by a legislative enactment, which admitted of a reasonable doubt whether that was its legal effect, were defacto judges, and could not be regarded as “usurpers and intruders;” and their acts were held to be valid. It is clear, therefore, that they could not have been regarded as guilty of the crime of usurpation of office.
In the case before us, Kreidler was undeniably lieutenant of police de jure until the 6th of May, 1869, and the question was whether he did not continue such, under the city ordinance, until his successor was qualified. He proposed to prove that he and the city authorities in good faith believed he did; and claimed that if he was not such officer de jure, he acted in good faith under color of right, and therefore could not be regarded as usurping, or intentionally taking upon himself to exercise an office without being legally authorized. The court refused to permit him to make the proof he offered, and denied that any circum *28 stances other than a legal right to the office could shelter him from the crime for which he was prosecuted. Therein we think the court were in error, and that the judgment must, therefore, be reversed, and the cause remanded for a new trial.
McIlvaine, Welch, Stone, and White, JJ., concurred.